UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CONNER CREEK CENTER LLC,

Debtor.
_____/

Case No. 23-48356

Chapter 7

Judge Thomas J. Tucker

STUART A. GOLD, TRUSTEE,

Plaintiff,

vs.

DOROTHY E. MCLEMORE TRUST,

and

ANDREW GENE MCLEMORE, SR.,

Defendants.
_____/

Adv. No. 24-4367

**OPINION AND ORDER DENYING DEFENDANT'S PENDING MOTIONS**

**I. Introduction**

This adversary proceeding is before the Court on two motions filed on March 27, 2025 by Defendant Andrew Gene McLemore, Sr. (the "Defendant"): (1) the motion entitled "Defendant Andrew Gene McLemore, Sr's Motion to Set Aside Discovery Sanctions Order" (Docket # 56); and (2) the motion entitled "Defendant Andrew Gene McLemore, Sr's Motion to Set Aside Admissions" (Docket # 58). The Plaintiff Trustee filed objections to these motions, and the Court held a hearing on them on April 23, 2025. For the reasons stated below, the Court will deny each motion.

**II. The motion to "set aside admissions" (Docket # 58)**

The Defendant's motion to "set aside admissions" (Docket # 58) seeks an order under Fed. R. Civ. P. 36(b),[1] allowing certain possible deemed admissions under Fed. R. Civ. P. 36(a)(3) to be withdrawn. This motion will be denied because there are no such deemed admissions by the Defendant, under Fed. R. Civ. P. 36(a)(3). This is because the Defendant timely answered each of the admission requests served by the Plaintiff,[2] and each of the Defendant's answers were such as to be considered "a written answer . . . directed to the matter" within the meaning of Rule 36(a)(3). As a result, none of the Plaintiff's admission requests are deemed admitted.[3]

### III. The motion to "set aside discovery sanctions order" (Docket # 56)

The Defendant's motion "to set aside discovery sanctions order" (Docket #56) seeks reconsideration of, and relief from, the order entered on February 4, 2025, entitled "Order for Discovery Sanctions and Costs Against Defendant Andrew Gene McLemore, Sr." (Docket # 35, the "Sanctions Order"). The Sanctions Order was entered on a motion filed by the Plaintiff under Fed. R. Civ. P. 37,[4] after the Defendant failed to file any timely response to the motion. The Sanctions Order granted the following relief against the Defendant:

---

[1] Fed. R. Civ. P. 36 applies in this adversary proceeding, under Fed. R. Bankr. P. 7036.

[2] Specifically, the Defendant answered each of the seven admission requests ("REQUEST TO ADMIT No. 1" through "REQUEST TO ADMIT No. 7") that were filed and served by the Plaintiff on November 4, 2024 (Docket # 26), in the written responses the Defendant filed on December 5, 2024 (Docket # 30).

[3] The Plaintiff agrees that there are no such deemed admissions. *See* "Objection to Andrew Gene McLemore, Sr.'s Motion to Set Aside Admissions" (Docket # 62) at 3.

[4] *See* "Motion for Discovery Sanctions and Costs Against Andrew Gene McLemore, Sr.," filed January 16, 2025 (Docket # 33).

2

> IT IS FURTHER ORDERED that Defendant Andrew Gene McLemore, Sr. is prohibited from introducing any documents or testimony into evidence at the trial in this adversary proceeding.
>
> IT IS FURTHER ORDERED that Defendant Andrew Gene McLemore, Sr. is liable to and must pay Plaintiff's counsel Gold, Lange, Majoros & Smalarz, P.C. costs of $395.00 within five (5) days after entry of this Order. In the event of non-payment, the costs may be collected under Fed. R. Civ. P. 69 based on this Order, as a judgment.[1]

The Court will deny the Defendant's motion, for the following reasons.

**First**, to the extent the motion seeks reconsideration of the Sanctions Order, or seeks relief from the Sanctions Order under Fed. R. Civ. P. 59(e), the motion is untimely. The deadline to file a motion for reconsideration was 14 days after the entry of the Sanctions Order. *See* L.B.R. 9024-1(a)(1) (E.D. Mich.). The deadline to file a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) also was 14 days after entry of the Sanctions Order. *See* Fed. R. Bankr. P. 9023(b).[2] The Sanctions Order was entered on February 4, 2025, so the 14-day deadline was February 18, 2025. The Defendant's motion was not filed until March 27, 2025, more than five weeks after the 14-day deadline.

**Second**, to the extent the motion seeks relief from the Sanctions Order based on any subpart of Fed. R. Civ. P. 60(b),[3] such relief is not available, because that rule does not apply to the Sanctions Order. Rather, by its terms, Rule 60(b) authorizes relief only from "a final

---

[1] Sanctions Order (Docket # 35) at 2 (footnote omitted).

[2] In addition, Fed. R. Civ. P. 59(e) does not apply to the Sanctions Order, because that rule provides only for a motion to alter or amend "a judgment." The Sanctions Order was not a "judgment," because it was not an appealable order when entered. *See* Fed. R. Civ. P. 54(a), which applies in this adversary proceeding under Fed. R. Bankr. P. 7054(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

[3] Fed. R. Civ. P. 60(b) applies generally in a bankruptcy case, under Fed. R. Bankr. P. 9024(a).

3

judgment, order, or proceeding." The Sanctions Order is not such a final judgment or order, so Rule 60(b) does not apply. *See Wych v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 112 (S.D.N.Y. 2019) ("Rule 60(b) applies only to 'final' judgments. . . . [A]n order is final for purposes of Rule 60(b) when it is appealable.") (citations omitted); *Pimentel v. Delta Airlines, Inc.*, No. 17-CV-5317, 2019 WL 13417417, at *6 (E.D.N.Y. July 12, 2019) (Rule 60(b) "does not apply to discovery orders") (citations omitted); *cf. Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 200, 210 (1999) (discovery sanctions order against an attorney under Fed. R. Civ. P. 37 is not a "final decision" that is immediately appealable under 28 U.S.C. § 1291).

**Third**, even if the Defendant's motion could be deemed a timely motion for reconsideration of the Sanctions Order, the Court would find that the motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.). It was not an error, or an abuse of discretion, for the Court to enter the Sanctions Order, particularly after the Defendant failed to file a timely response to the Plaintiff's sanctions motion.

**Fourth**, even if Rule 60(b) could be deemed to apply to the Sanctions Order, the Court would find that the Defendant's motion does not establish any valid ground for relief under Rule 60(b)(1), 60(b)(6), or any other part of Rule 60(b). The Defendant argues that he was guilty of "excusable neglect," but the motion does not establish "excusable neglect" within the meaning of Rule 60(b)(1). One reason why this is so is that the Defendant's motion does not allege or demonstrate any reason why the Defendant could not have filed a timely response to the Plaintiff's motion for sanctions. And if the Defendant needed the help of his current counsel to timely respond to the Plaintiff's sanctions motion, for example, due to Defendant's health

4

problems, he could have hired his current counsel in time to get that help. No reason is alleged or demonstrated for the Defendant's delay in hiring his current counsel until February 24, 2025.[4]

The Defendant also argues for relief based on Rule 60(b)(6) ("any other reason that justifies relief"), but under that rule, relief is appropriate "'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Wilson v. Cassidy* (*In re Cassidy*), 273 B.R. 531, 537 (Bankr. N.D. Ohio 2002) (citations omitted) (quoting *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). The motion in this case alleges "excusable neglect" under Rule 60(b)(1), so Rule 60(b)(6) does not apply. And in any event, the motion does not present "exceptional or extraordinary circumstances" that could justify relief under Rule 60(b)(6).

**Fifth**, the Defendant's motion shortly will be moot. Today, the Court is entering an order granting the Plaintiff's motion for summary judgment. In seeking summary judgment, the Plaintiff did not rely in any way on the Sanctions Order. And as the Court's written summary judgment opinion will show, the Court is not relying in any way on the Sanctions Order in granting summary judgment for the Plaintiff. The Sanctions Order's exclusion of evidence applies only to a trial in this adversary proceeding, and due to the Court's summary judgment ruling, there will be no trial. So the Defendant's motion will now become moot.

For these reasons, the Defendant's motion to set aside the Sanctions Order will be denied.

For the reasons stated above,

IT IS ORDERED as follows:

1. The motion entitled "Defendant Andrew Gene McLemore, Sr's Motion to Set Aside

---

[4] February 24, 2025 is when the Defendant's current counsel entered their appearance. (Docket # 45).

Discovery Sanctions Order" (Docket # 56) is denied.

2. The motion entitled "Defendant Andrew Gene McLemore, Sr's Motion to Set Aside Admissions" (Docket # 58) is denied.

**Signed on May 5, 2025**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**